IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **INDICTMENT** |
| | : | |
| vs. | : | CRIMINAL NO. 5:26-CR- __1__ |
| | : | |
| **BOBBY RAE BOOKER** | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 1001(a)(3) |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 28 U.S.C. § 2461(c) |
| | : | |

**THE GRAND JURY CHARGES:**

<u>**COUNTS ONE AND TWO**</u>
**(WIRE FRAUD)**

At all times material to this Indictment:

1. Defendant, BOBBY RAE BOOKER, was a resident of Macon in the Middle District of Georgia.

2. On or about April 26, 2021, BOOKER held himself to be sole proprietor, and 100% owner of a purported lawncare business, d/b/a Rae's Lawncare.

*The Small Business Administration*

3. The United States Small Business Administration (SBA) is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this mission, the SBA provides loans through banks, credit unions and other lenders. These loans have government-backed guarantees.

1

*The Paycheck Protection Program*

4. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which was a federal law enacted in March 2020, established several SBA programs designed to provide emergency financial assistance to the millions of Americans who suffered economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of United States taxpayer funds in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP). PPP loan proceeds were required to be used by the business to pay certain permissible expenses such as payroll costs, interest on mortgages, rent, and utilities.

5. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application ("SBA Form 2843-C"), which was signed by an authorized representative of the applicant business. This application was entitled as follows:

**Paycheck Protection Program**
**Borrower Application Form for Schedule C Filers Using Gross Income**
**Revised March 18, 2021**

AN APPLICANT MAY USE THIS FORM ONLY IF THE APPLICANT FILES AN IRS FORM 1040, SCHEDULE C, AND USES GROSS INCOME TO CALCULATE PPP LOAN AMOUNT

6. The PPP loan application required the authorized representative of the applicant business to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. These affirmative certifications include the following statements: "I certify that:"

- "I have read the statements included in this form . . . and I understand them."

- "The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), the Economic

Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act), and Title V of the American Rescue Plan Act of 2021 (the Paycheck Protection Program Rules)."

- "All loan proceeds will be used only for business-related purposes (including payroll and other proprietor expenses, which is business expenses plus owner compensation, as defined in the interim final rule posted on March 3, 2021) as specified in the loan application and consistent with the Paycheck Protection Program Rules . . . ."

7. The PPP loan application also required the authorized representative to place their initials on a line next to certain statements, including the following:

- "The funds will be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protection expenditures as specified under the Paycheck Protection Program Rules; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud."

"I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law . . . ."

8. In the PPP loan application, the applicant was required to state, among other things, the business's: (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, the applicant was required to provide documentation showing its payroll expenses, including federal tax filings and bank account records.

9. A small business's PPP loan application would be received and processed by a participating lender approved by the SBA. If a PPP loan application was approved, the participating lender would fund the PPP loan using its own monies. For each funded application, lenders received a processing fee from the SBA for an authorized amount. The loan was 100 percent guaranteed by the SBA.

10. Information from the application, including about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA as the loan was processed.

11. PPP loan proceeds were required to be used by the business on permissible expenses—payroll costs, interest on mortgages, rent, and utilities. Under the terms of the CARES Act, the interest and principal on a PPP loan would be forgiven if the business spent the loan proceeds on these expense items within a designated period and used at least a specified percent of the PPP loan proceeds on payroll expenses.

12. To obtain forgiveness of a PPP loan, the applicant business was required to submit a PPP loan forgiveness application ("SBA Form 3508S"), which was signed by an authorized representative of the business. The PPP loan forgiveness application required the applicant business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan forgiveness.

13. The PPP loan forgiveness application also required the authorized representative of the business to place their initials on a line to next to certain statements, including the following:

- "The Borrower has complied with all requirements in the Paycheck Protection Program Rules (Sections 7(a)(36),(7)(a)(37), and 7A of the Small Business Act, the PPP interim final rules, and guidance issued by SBA through the date of this application), including the rules related to:
    o eligible uses of PPP loan proceeds;
    o the amount of PPP loan proceeds that must be used for payroll costs (including proprietor expenses for Borrowers that applied for loans using SBA Forms 2483-C or 2483-SD-C);
    o the calculation and documentation of the Borrower's revenue reduction (if applicable); and
    o the calculation of the Borrower's Requested Loan Forgiveness Amount.
Information regarding these requirements may be found in the Form 3508S Instructions and the Paycheck Protection Program Rules."

4

> "The information provided in this application is true and correct in all material respects. I understand that knowingly making a false statement to obtain forgiveness of an SBA-guaranteed loan is punishable under the law . . . ."

14. Prestamos CDFI, LLC was an approved SBA participating lender based in Arizona to service PPP loans. Prestamos partnered with Blue Acorn PPP, LLC to service the PPP loans. Blue Acorn was also based in Arizona.

15. MidSouth Community Federal Credit Union (FCU) is a financial institution based in Georgia. BOOKER held an account with an account number ending in -2044 at MidSouth Community FCU.

## The Scheme to Defraud

16. Beginning on a date unknown, but no later than on or about April 26, 2021, and continuing until a date unknown, but until at least on or about April 15, 2022, BOOKER, aided and abetted by others both known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud participants in the PPP, including the SBA and Prestamos, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

## Manner and Means

It was a part of the scheme that:

17. On or about April 26, 2021, BOOKER completed and submitted or had completed and submitted a PPP loan application (SBA Form 2483-C) to Prestamos for his purported lawn care business, d/b/a Rae's Lawncare.

18. The PPP loan application listed: BOOKER as an independent contractor and 100% owner of Rae's Lawncare established in 1998; the business address in Macon, GA, BOOKER's then residential address; and a Business TIN (Taxpayer Identification Number) ending in -5733.

5

19. BOOKER initialed all of the certifications included in SBA Form 2483-C and signed and dated SBA Form 2483-C for Rae's Lawncare on April 26, 2021.

20. In order to qualify for the loan, BOOKER falsely affirmed or caused to be falsely affirmed, among other information, that the total amount of gross income from 2020 IRS Form, Schedule C, line 7, for Rae's Lawncare was approximately $71,000. In fact, as BOOKER knew, Rae's Lawncare had not been registered as a business in the State of Georgia in 2019 or 2020, and BOOKER had not filed any IRS Form 1040, Schedule C for Rae's Lawncare in 2019 or 2020.

21. In reliance on BOOKER's materially false and fraudulent statements and his concealment of material facts, Prestamos approved and funded the PPP Loan Application, and thereafter transferred approximately $14,790 in proceeds by interstate wire into a bank account BOOKER controlled.

## Executions of the Scheme

22. On or about each of the dates set forth below, in the Middle District of Georgia and elsewhere, the Defendant,

**BOBBY RAE BOOKER**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | NATURE OF COMMUNICATION |
|---|---|---|
| 1 | April 26, 2021 | PPP Loan application from BOBBY RAE BOOKER residing in Georgia and submitted to Prestamos based in Arizona using the application platform of Blue Acorn based in Arizona |
| 2 | May 28, 2021 | Automated Clearing House (ACH) wire of $14,790 from Prestamos to BOBBY RAE BOOKER's joint checking account with an account number ending in -2044 at Robins MidSouth Community FCU |

All in violation of Title 18, United States Code, Section 1343.

## COUNT THREE
### (False Statement)

On or about April 26, 2021, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the Defendant,

**BOBBY RAE BOOKER,**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the executive branch of the Government of the United States, that being the Small Business Administration ("SBA"), in that BOOKER submitted a Paycheck Protection Program (PPP) loan application, wherein BOOKER falsely stated and certified that he will comply with all the requirements of the PPP, including the eligible use of PPP loan proceeds, and that he had a total amount of gross income (from 2019 or 2020 IRS Form, Schedule C, line 7) of $71,000 for his purported lawn care business, d/b/a Rae's Lawncare; when in truth and in fact as BOOKER then knew and believed, he had no such business or income derived therefrom.

All in violation of Title 18, United States Code, Sections 1001(a)(3).

## COUNT FOUR
### (False Statement)

On or about April 15, 2022, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the Defendant,

**BOBBY RAE BOOKER,**

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of

the executive branch of the Government of the United States, that being the Small Business Administration ("SBA"), in that BOOKER submitted Paycheck Protection Program (PPP) Loan Forgiveness Application, wherein BOOKER falsely stated and certified that he had complied with all the requirements of the PPP, including the eligible use of PPP loan proceeds, that he was an independent contractor for his purported lawn care business, d/b/a Rae's Lawncare, that there were two employees at the time of the Forgiveness Application, and that he spent $14,790 of the PPP loan on payroll; when in truth and in fact as BOOKER then knew and believed, there were no such employees and payroll and that BOOKER had misused the proceeds for his own personal enrichment.

All in violation of Title 18, United States Code, Sections 1001(a)(3).

## FORFEITURE NOTICE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1.  The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

2.  Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 1343, set forth in Counts One and Two of this Indictment, the defendant,

**BOBBY RAE BOOKER,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), or a

conspiracy to commit such offense, including, but not limited to, a money judgment in an amount to be determined.

    3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred, sold to or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) through Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

WILLIAM R. KEYES
UNITED STATES ATTORNEY

Presented By:

JULIUS L. JEFFERSON
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 13 day of Jan, 2026.

_____
Deputy Clerk

10